# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TURTLE WOW, an entity of unknown form; AFKCRAFT LIMITED, a Hong Kong Company; YULIA SAVKO a/k/a JULIA SAVKO a/k/a Torta and Shenna, an individual; ERIC MAUSER a/k/a Shagu and Meph1s, an individual; JOSIAH ZIMMER a/k/a Akalix, an individual; STEFAN KOSTOV a/k/a brotalnia, an individual, JESSE LAUTENBACK a/k/a Niralthas, an individual, COSMIN POP a/k/a xerron, an individual, JAMEY DIEPBRINK a/k/a Jamma an individual, MAROS BETKO a/k/a Haaxor, an individual, MARCO KRETAS a/k/a MARCO KAPTEIN a/k/a Kruxis, an individual; ALEX JULEV a/k/a PepeSmite, an individual; and DOES 1 through 10, inclusive,,<br><br>Defendants. | CASE NO. 2:25-cv-08194-SVW (SKx*)*<br><br>**ORDER GRANTING PLAINTIFF'S OPPOSED *EX PARTE* APPLICATION FOR LIMITED EARLY DISCOVERY TO IDENTIFY DOE DEFENDANTS [ECF 18]** |

The Court has reviewed the parties' papers concerning Plaintiff Blizzard Entertainment, Inc.'s opposed *Ex Parte* Application For Limited Early Discovery to Identify Doe Defendants. (ECF 18, 21, 25). Plaintiff has met its burden of establishing good cause for limited early discovery to identify no more than 10 fictitiously named defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *UMG Recordings, Inc. v. Doe*, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008). Nothing in the granting of that limited early discovery, as ordered here, will prejudice any of Defendant Turtle Wow's substantive or procedural rights and defenses, contrary to the assertions in Turtle Wow's opposition papers. Accordingly, the Court GRANTS the application and orders:

  1. Blizzard may serve third party subpoenas on the following entities for the sole purpose of identifying the identities and contact information of no more than 10 Doe Defendants to permit service of process: (1) Google LLC, dba YouTube, LLC; (2) X Corp.; (3) Reddit, Inc; (4) Paypal, Inc.; (5) Payment Wall; (6) Namecheap, Inc.; (7) Meta Platforms, Inc., dba Instagram; (8) Github, Inc.; (9) Discord, Inc.; (10) Cloudfare, Inc.; (11) Linkedin, Inc.; (12) Unreal Engine (Epic Games, Inc.); (13) SoundCloud, Inc.; (14) Spotify USA, Inc.; (15) Apple, Inc. dba Apple Music.

  2. Blizzard shall provide the subpoenaed third parties with not less than 21 days to object to or otherwise respond to any subpoenas. Compliance with Federal Rule of Civil Procedure 45, including its notice requirements before service of the subpoenas, is required. To avoid disputes requiring court intervention, Blizzard must reasonably cooperate in good faith with the service providers around the timing of any responses to the subpoenas. All rights of the subpoenaed third parties under Federal Rule of Civil Procedure 45(d) are preserved.

      3.    Nothing in this order (a) permits the disclosure of content information by the subpoenaed third parties that is otherwise prohibited from disclosure by law; (b) prohibits notification as required by law to subscribers whose information is disclosed; or (c) restricts entry of a timely protective order as needed to protect sensitive personal or proprietary information, if the information otherwise qualifies for such protection under applicable standards and rules.  *See generally In re Anonymous Online Speakers*, 661 F.3d 1168, 1177 (9th Cir. 2011).

      IT IS SO ORDERED.

DATED: October 22, 2025

HON. STEVE KIM
United States Magistrate Judge