Frederic M. Douglas (Calif. State Bar # 212778)
Attorney At Law
15333 Culver Drive, Suite 340
Irvine, California 92604-3051
Tel: (949) 293-0442
Fax: (949) 203-8768
fdouglas@cox.net

Oxana Lukina (*pro hac vice*)
Cohen, Labarbera and Landrigan, LLP
99 Brookside Avenue
Chester, New York 10918
Tel: (845) 291-1900
Fax: (845) 291-8601
olukina@cll-law.com

Attorneys for Defendant
JOSIAH ZIMMER

## THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TURTLE WOW, an entity of unknown form, AFKCRAFT LIMITED, a Hong Kong Company; YULIA SAVKO a/k/a JULIA SAVKO a/k/a Torta and Shenna, an individual; ERIC MAUSER a/k/a Shagu and Meph1s, an individual; JOSIAH ZIMMER a/k/a Akalix, an individual; STEFAN KOSTOV a/k/a brotalnia, an individual, JESSE LAUTENBACK a/k/a Niralthas, an | Case No.: 2:25-cv-08194-SVW (SKx) <br><br> Judge: Hon. Stephen V. Wilson <br> Courtroom: 10A <br><br> **NOTICE OF ERRATA** <br><br> **Date: Monday, February 2, 2026** <br> **Time: 1:30 pm** <br> **Place: First Street U.S. Courthouse,** <br> **Courtroom 10A, 10th Floor** <br> **350 West 1st Street** <br> **Los Angeles, California 90012** <br> **Judge: Hon. Stephen V. Wilson** |

individual, COSMIN POP a/k/a xerron,  )    Complaint Filed: August 29, 2025
an individual, JAMEY DIEPBRINK  )
a/k/a Jamma an individual, MAROS  )
BETKO a/k/a Haaxor, an individual,  )
MARCO KRETAS a/k/a MARCO  )
KAPTEIN a/k/a Kruxis, an individual;  )
ALEX JULEV a/k/a PepeSmite, an  )
individual; and DOES 1 through 10,  )
inclusive,  )
                                  )
                  Defendants )

**NOTICE OF ERRATA**
**- 2**

**TO THE HONORABLE STEPHEN V. WILSON, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 21, 2025, Defendant Josiah Zimmer ("Zimmer" or "Defendant") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The document filed as the motion was inadvertently filed before final review for subsequent case history for two cases, quotation checking for three citations, and one pin cite.

To avoid confusion, Defendant hereby attaches a corrected memorandum of points and authorities for the motion to dismiss to this notice. No substantive changes have been made, no additional arguments have been inserted, and changes are only to case citations and indication of quotations.

Counsel for Defendant apologizes for any inconvenience.

December 19, 2025                                Respectfully submitted,


                                        __/s/ Frederic M. Douglas_____

                                        Frederic M. Douglas
                                        Attorney for Defendant Josiah Zimmer
////

**NOTICE OF ERRATA**
**- 3**

Frederic M. Douglas (Calif. State Bar # 212778)
Attorney At Law
15333 Culver Drive, Suite 340
Irvine, California 92604-3051
Tel: (949) 293-0442
Fax: (949) 203-8768
fdouglas@cox.net

Oxana Lukina (*pro hac vice*)
Cohen, Labarbera and Landrigan, LLP
99 Brookside Avenue
Chester, New York 10918
Tel: (845) 291-1900
Fax: (845) 291-8601
olukina@cll-law.com

Attorneys for Defendant
JOSIAH ZIMMER

**THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TURTLE WOW, an entity of unknown form, AFKCRAFT LIMITED, a Hong Kong Company; YULIA SAVKO a/k/a JULIA SAVKO a/k/a Torta and Shenna, an individual; ERIC MAUSER a/k/a Shagu and Meph1s, an individual; JOSIAH ZIMMER a/k/a Akalix, an individual; STEFAN KOSTOV a/k/a brotalnia, an individual, JESSE LAUTENBACK a/k/a Niralthas, an | Case No.: 2:25-cv-08194-SVW (SKx) <br><br> Judge: Hon. Stephen V. Wilson <br> Courtroom: 10A <br><br> **DEFENDANT CORRECTED JOSIAH ZIMMER'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** <br><br> **Date: Monday, February 2, 2026** <br> **Time: 1:30 pm** <br> **Place: First Street U.S. Courthouse,** <br> **Courtroom 10A, 10th Floor** <br> **350 West 1st Street** <br> **Los Angeles, California 90012** <br> **Judge: Hon. Stephen V. Wilson** |

**JOSIAH ZIMMER  CORRECTED MOTION TO DISMISS**
**- 1**

individual, COSMIN POP a/k/a xerron, )
an individual, JAMEY DIEPBRINK )
a/k/a Jamma an individual, MAROS )
BETKO a/k/a Haaxor, an individual, )        Complaint Filed: August 29, 2025
MARCO KRETAS a/k/a MARCO )
KAPTEIN a/k/a Kruxis, an individual; )
ALEX JULEV a/k/a PepeSmite, an )
individual; and DOES 1 through 10, )
inclusive, )
                                       )
                                       )
          Defendants                   )
_____

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Monday, February 2, 2026, at 1:30 P.M., or as soon thereafter as counsel may be heard in Courtroom 10A, 10th Floor of the above-entitled Court, located at the First Street U.S. Courthouse, 350 W. 1st Street, Los Angeles, California 90012, before the Honorable Stephen V. Wilson, Defendant Josiah Zimmer ("Zimmer" or "Defendant") will and hereby does move for an order dismissing Plaintiff Blizzard Entertainment, Inc.'s ("Blizzard") Original Compliant; finding that the Original Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).

This Motion is made following the conference of counsel, pursuant to L.R. 7-3 which took place via remote conferencing (Zoom), starting on October 22, 2025.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court before its ruling.

November 21, 2025                                      Respectfully submitted,


    /s/ Frederic M. Douglas

Frederic M. Douglas
Attorney for Defendant Josiah Zimmer

////

**JOSIAH ZIMMER  CORRECTED MOTION TO DISMISS**
**- 3 -**

# Table of Contents

I.    INTRODUCTION .................................................................................. 8

II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ..... 9

  A. Blizzard's Allegations Against Zimmer ................................................ 9

  B. The Joint Stipulation and Order Dismissing RICO Claims as to Zimmer .... 11

III.    LEGAL STANDARD UNDER RULE 12(b)(6) ..................................... 11

IV.    ARGUMENT ........................................................................................ 13

  A.    The Complaint's Group Pleading Is Independently Fatal as to Zimmer .... 13

  B.    Counts I–IV (Copyright Theories) Fail to State a Claim Against Zimmer . 13

    1.    Count I – Direct Copyright Infringement: No Volitional Act by Zimmer 13

    2. Count II – Inducement: No Intent to Foster Infringement ........................... 14

    3. Count III – Contributory Infringement: No Knowledge of Specific Infringement, No Material Contribution ................................................... 15

    4. Count IV – Vicarious Infringement: No Right to Supervise, No Direct Financial Benefit ............................................................................... 15

    5. Count V – DMCA § 1201: No Device, No Trafficking, No Circumvention Alleged as to Zimmer ......................................................................... 18

    6. Count VI – Intentional Interference with Contractual Relations: No Identified Contract, Knowledge, Intent, or Wrongful Act by Zimmer ........... 19

    7. Count VII – Lanham Act § 43(a): No Commercial Use of Marks, No Likelihood of Confusion, and Only Nominative/Descriptive References ........ 20

    8. Time Limitations and Laches Further Restrict Any Remaining Copyright Relief ............................................................................................. 20

    9. First Amendment Considerations Confirm that Zimmer's Speech Alone Cannot Sustain These Claims ............................................................... 21

V.  CONCLUSION ..................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 22-0051-MWF (JCx), 2023 WL
3272399 (C.D. Cal., Apr. 4, 2023)..................................................................17

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945 (N.D. Cal. 2015).......12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................................................11, 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..........................................11

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011)..12

*Com. for Idaho's High Desert v. Yost*, 92 F.3d 814 (9th Cir. 1996) ...........................20

*Conley v. Gibson*, 355 U.S. 41 (1957) ..........................................................11

*Davidson & Assocs. v. Jung*, 422 F.3d 630 (8th Cir. 2005) ......................................16, 17

*Davidson & Assocs., Inc. v. Internet Gateway, Inc.*, 334 F. Supp. 2d 1164 (E.D. Mo.
2004)...........................................................................................16, 17

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) (quoting Iqbal, 556 U.S. at 679)...12

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014)......11

*In re Autodesk, Inc. Sec. Litig.*, 132 F.Supp.2d 833 (N.D. Cal. 2000) .........................10

*In re Metropolitan Sec. Litig.*, 532 F.Supp.2d 1260 (E.D.Wash. 2007)........................10

*In re PetSmart, Inc. Sec. Litig.*, 61 F.Supp.2d 982 (D.Ariz. 1999) .............................10

*Keskinen v. Lush Handmade Cosmetics LLC*, 770 F.Supp.3d 1234 (C.D. Cal., Mar. 11,
2025)...............................................................................................12

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) ........................ 19

*MDY Industries, LLC v. Blizzard Entertainment, Inc.*, 629 F.3d 928 (9th Cir. 2010) ... 18

*MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) ............................................ 14

*Nexon Am., Inc. v. S.H., No.* CV 10-9689 PA (JCx), 2011 WL 13217951 (C.D. Cal., Dec. 13, 2011) ................................................................................................ 16, 17

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118 (1990) ......................... 19

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) ..................... 15, 16

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017) ..................... 13, 14, 15

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) ...................................... 21

*SEC v. Mercury Interactive*, No. C07-2822JF, 2008 WL 454443 (N.D. Cal., Sep. 30, 2008) .......................................................................................................... 10

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ............................................................... 12

*Vernor v. Autodesk, Inc.*, 621 F.3d 1102 (9th Cir. 2010) ............................................. 16

*Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006) ..................... 10

**Statutes**

15 U.S.C. § 1125(a) ........................................................................................................ 20

17 U.S.C. § 1201 ............................................................................................................ 18

17 U.S.C. § 507(b) ......................................................................................................... 20

18 U.S.C. § 1962(c) ....................................................................................................... 11

18 U.S.C. § 1962(d) ....................................................................................................... 11

**JOSIAH ZIMMER  CORRECTED MOTION TO DISMISS - 6**

**Rules**

Fed. R. Civ. P. 10 .................................................................................... 13

Fed. R. Civ. P. 8 ...................................................................................... 13

Fed. R. Civ. P. 9(b) ................................................................................. 10

Rule 12(b)(6) ....................................................................................passim

## I.  INTRODUCTION

This motion addresses only the sufficiency of Plaintiff Blizzard Entertainment, Inc.'s ("Blizzard") pleading under Rule 12(b)(6) as to Defendant Josiah Zimmer. In light of the Joint Stipulation filed by the parties and the Court's November 19, 2025 Order granting that stipulation, all objections regarding personal jurisdiction and venue have been waived, and Blizzard's Eighth and Ninth Claims (RICO and RICO Conspiracy) have been dismissed without prejudice as to Mr. Zimmer. Accordingly, this motion is directed solely to whether the Complaint states a claim upon which relief can be granted against Zimmer under Rule 12(b)(6).

Even accepting Blizzard's factual allegations as true for purposes of this motion, the Complaint fails to state any viable claim against Mr. Zimmer. Blizzard repeatedly pleads that undifferentiated "Defendants" copied, distributed, marketed, or profited from alleged infringement as part of a so-called "Turtle WoW enterprise," but it does not allege a single concrete act by Zimmer that satisfies the elements of any cause of action that remains against him. At most, Blizzard attributes to Zimmer certain non-commercial online commentary such as posts, memes, and community updates, made to a global audience about a fan project. That kind of expressive, non-commercial speech does not constitute: (1) a volitional act of copying or distribution (direct infringement); (2) knowledge and material contribution (contributory infringement); (3) purposeful inducement of infringement (inducement); (4) supervisory control and direct financial benefit (vicarious liability); (5) trafficking in circumvention devices (DMCA § 1201); (6) intentional interference with a specific Blizzard contract; or (7) commercial trademark use likely to cause confusion (Lanham Act § 43(a)).

Under *Iqbal* and *Twombly*, Blizzard was required to plead defendant-specific,

**JOSIAH ZIMMER CORRECTED MOTION TO DISMISS
- 8**

element-specific facts. It did not. Instead, the Complaint offers conclusory, collective allegations against a multi-defendant "enterprise." That is classic impermissible "group pleading" and fails to state a plausible claim against Zimmer individually.

For these reasons, the Court should dismiss the remaining claims against Zimmer, Counts I through VII, with prejudice pursuant to Rule 12(b)(6).

## II. STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

### A. Blizzard's Allegations Against Zimmer

Blizzard, a California-based video game publisher, alleges that various defendants operate or contribute to "Turtle WoW," a "private server" that supposedly allows players to experience a modified version of Blizzard's World of Warcraft game without authorization. (Compl. ¶¶ 1-4, 19 -21.) Blizzard asserts nine causes of action against "Defendants" collectively, including four copyright-infringement theories, a DMCA circumvention claim, intentional interference with contractual relations, Lanham Act false designation, and two civil RICO counts. (*Id.* ¶¶ 84-140.).

As to Zimmer personally, Blizzard principally alleges that: he "promoted the Turtle WoW website and exhorted and encouraged members of the public – especially those located in the United States – to download the Turtle WoW Client and use it to connect to and access the Turtle WoW Servers" (Compl. ¶ 24); and that he posted a brief forum comment about "copyright takedown" concerns, stating: "Fortunately, I can assure you this isn't the case. However, it's best for us not to overshare." (Id. ¶ 82.)

The Complaint does not allege that Zimmer either wrote or controlled any code; operated or administered any server; processed, received, or shared any donations or revenue; uploaded, distributed, or stored any copy of Blizzard's software; contracted

with Blizzard or its users; or sold or advertised any goods or services.

Instead, nearly every operative paragraph attributes conduct to "Defendants" collectively, or to a generalized "Turtle WoW enterprise." (See, e.g., Compl. ¶¶ 33–35, 84-87, 91-93, 99-111, 118-120, 123-126, 131-137.).

A complaint is deficient under Fed. R. Civ. P. 9(b) when it relies on "shotgun" or "puzzle" pleading. *See*, *In re Metropolitan Sec. Litig.*, 532 F.Supp.2d 1260, 1279 (E.D. Wash. 2007)(*citing In re GlenFed*, 42 F.3d 1541, 1554 (9th Cir. 1994)(*en banc*)(superseded on other grounds)). "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006); *see also, SEC v. Solow*, No. 06-81041CIV, 2007 WL 917269 at *3 (S.D. Fl., Mar. 23, 2007)(noting "[t]here was no effort by Plaintiff to state with particularity which specific allegations apply to which specific count, thereby impeding Defendant's ability to discern the exact nature of the complaint against him."). Likewise, puzzle pleadings are those that require the defendant and the court to "match the statements up with the reasons they are false or misleading." *In re Autodesk, Inc. Sec. Litig.*, 132 F.Supp.2d 833, 842 (N.D. Cal. 2000)(dismissing a complaint in part because of puzzle pleading); *see also Wagner*, 464 F.3d at 1279 (holding a complaint failed to satisfy 9(b) because "the factual particularity of the first 175 paragraphs is not connected to the otherwise generally pled claim in any meaningful way."); *In re PetSmart, Inc. Sec. Litig.*, 61 F.Supp.2d 982, 991 (D. Ariz. 1999)("the court should not have to play connect-the-dots in order to identify the facts and trends upon which plaintiffs base their claim."). Several district courts have disapproved of this pleading strategy. *SEC v. Mercury Interactive*, No. C07-2822JF, 2008 WL 454443 at *8 (N.D. Cal., Sep. 30, 2008)(granting motion to dismiss and noting this pleading style makes it "difficult to discern which filings from the bases for each claim"); See, also, *Wagner*, 464 F.3d at 1275 ("We also remind district courts of

their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.") (Emphasis in original).

### B. The Joint Stipulation and Order Dismissing RICO Claims as to Zimmer

On November 13, 2025, Blizzard and Zimmer filed a Joint Stipulation Between Blizzard Entertainment, Inc. and Josiah Zimmer Regarding Dismissal Without Prejudice of Certain Claims and Consent to Jurisdiction and Venue (the "Stipulation"). In the Stipulation, Blizzard agreed to dismiss its Eighth and Ninth Claims for Relief, Participation in a RICO Enterprise (18 U.S.C. § 1962(c)) and RICO Conspiracy (18 U.S.C. § 1962(d)), without prejudice as to Zimmer only, in exchange for Zimmer's consent to personal jurisdiction and venue in this Court.

On November 19, 2025, the Court entered the docket order granting the Joint Stipulation. Dkt. No. 33.

Accordingly, this motion is directed solely to Blizzard's failure to state a claim on Counts I-VII as to Zimmer under Rule 12(b)(6).

### III.    LEGAL STANDARD UNDER RULE 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is not plausible when it offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Ninth Circuit applies these standards strictly, requiring factual allegations that plausibly suggest liability as to each individual defendant. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996-97 (9th Cir. 2014); *Starr v. Baca*, 652

F.3d 1202, 1216 (9th Cir. 2011), *superseding,* 633 F.3d 1191 (9th Cir.2011)*, rehearing en banc denied,* 659 F.3d 850 (9th Cir.2011). Courts in this Circuit routinely dismiss complaints that rely on impermissible collective allegations against "defendants" without specifying each defendant's conduct. *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 965-66 (N.D. Cal. 2015) ("However, in each of these cases, the complaint failed to attribute specific conduct to a specific defendant and thereby violated Rule 8.") (citing several district court opinions). See, also, *Keskinen v. Lush Handmade Cosmetics LLC*, 770 F.Supp.3d 1234, 1244 (C.D. Cal., Mar. 11, 2025) (citing *Adobe Sys. Inc. v. Blue Source Group, Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. See *Iqbal, 556 U.S. at 679; Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

Plausibility must be assessed on a defendant-by-defendant and element-by-element basis. A complaint must plead facts that, if accepted as true, would establish every required element of the claim specifically against the defendant at issue. Conclusory allegations that multiple defendants "acted in concert" or as part of an "enterprise," without factual detail tying each to the required elements, are insufficient. Courts routinely dismiss complaints that rely on such impermissible "group pleading." See, e.g., *Adobe Sys.* 125 F. Supp. 3d at 965 (N.D. Cal. 2015).

Applying these standards, each of Blizzard's remaining claims against Zimmer fails.

## IV.    ARGUMENT

### A.    The Complaint's Group Pleading Is Independently Fatal as to Zimmer

Throughout the Complaint, Blizzard pleads that "Defendants" collectively copied, distributed, promoted, or profited from the alleged infringement, without distinguishing Zimmer's role from that of any other defendant. (See, e.g., Compl. ¶¶ 84-87, 91-93, 99-111, 118-120, 123-126.) Aside from two brief references to Zimmer's online commentary (¶¶ 24,82), Blizzard identifies no specific act of copying, uploading, distribution, server operation, code development, financial management, or commercial marketing by him.

Such undifferentiated allegations violate Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10 and fail *Iqbal/Twombly*'s plausibility requirement. A multi-defendant complaint must "set forth each defendant's alleged participation in the wrongdoing." *Adobe*, 125 F. Supp. 3d at 961. Blizzard's use of "Defendants" as a collective label obscures which facts, if any, pertain to Zimmer himself and cannot support any claim for relief against him.

This defect alone warrants dismissal of all remaining counts as to Zimmer. The deficiencies become even clearer when each claim is analyzed individually.

### B.    Counts I–IV (Copyright Theories) Fail to State a Claim Against Zimmer

Blizzard asserts four copyright-related counts: direct infringement, inducement, contributory, and vicarious infringement. Each requires Zimmer-specific factual allegations that are absent here.

#### 1.    Count I – Direct Copyright Infringement: No Volitional Act by Zimmer

Direct infringement requires a volitional act by the defendant that "cause[s]" the infringing copy to be made or distributed. *Perfect 10, Inc. v. Giganews, Inc*., 847 F.3d 657, 666 (9th Cir. 2017). It is not enough that the defendant is associated with an

online community in which infringement allegedly occurs.

Blizzard alleges that "Defendants have infringed Blizzard's copyrights in WoW by reproducing, adapting, and distributing WoW…including by importing such copies in the United States." (Compl. ¶ 86.) It does not allege that Zimmer personally: (1) uploaded or stored the WoW client; (2) operated servers that transmitted copies; (3) configured any software that automatically copied Blizzard's code; or (4) distributed any particular file.

The only Zimmer-specific facts concern his speech, which is promotional commentary and a brief forum response (¶¶ 24, 82). Under *Giganews*, such passive association and commentary are legally insufficient to establish volitional copying or distribution. Blizzard's reliance on collective "Defendants" allegations cannot substitute for specific, volitional acts by Zimmer himself. Count I fails to state a claim.

**2. Count II – Inducement: No Intent to Foster Infringement**

Inducement liability under *MGM Studios Inc. v. Grokster, Ltd*., 545 U.S. 913 (2005), requires that the defendant (1) intentionally encouraged infringement through affirmative acts of promotion, and (2) did so with the object of promoting infringing use as a commercial objective. General awareness that infringement may be occurring is not enough.

Blizzard relies on Zimmer's alleged online posts and his reply in a thread where another user speculated about "copyright takedown" risks. (Compl. ¶¶ 24, 82.) Even crediting those allegations, they show at most that Zimmer participated in online discussion and attempted to reassure other users. Blizzard does not allege that he: (1) distributed the client software; (2) provided download links; (3) designed or controlled any system that facilitated copying; or (4) tied his commentary to any business objective or profit motive.

Under *Grokster* and *Perfect 10 v. Giganews*, 847 F.3d at 670, such generalized

speech and community participation do not constitute the sort of "clear expression" or "affirmative steps" to promote infringement that inducement requires. Count II fails as a matter of law.

### 3. Count III – Contributory Infringement: No Knowledge of Specific Infringement, No Material Contribution

Contributory liability arises only when a defendant (1) has actual knowledge of specific infringing acts, and (2) materially contributes to those acts. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1170-71 (9th Cir. 2007); *Giganews*, 847 F.3d at 670.

Blizzard attempts to bootstrap contributory liability from Zimmer's forum comment that it was "best for us not to overshare" (Compl. ¶ 82) and his general promotion of the project (¶ 24). That allegation does not:

    a) identify any particular infringing file or user;

    b) show that Zimmer knew of specific infringing acts by others; or

    c) describe any technical or logistical assistance he provided to enable copying.

Courts have repeatedly rejected contributory-infringement claims where the plaintiff alleges only generalized awareness of infringement and association with a service. *Giganews*, 847 F.3d at 670-71. At most, Blizzard alleges that Zimmer was aware Blizzard disapproved of private servers. That is far short of the element of knowledge of specific instances of infringement, coupled with substantial assistance. Count III therefore fails to state a claim.

### 4. Count IV – Vicarious Infringement: No Right to Supervise, No Direct Financial Benefit

Vicarious liability requires (1) the right and ability to supervise the infringing conduct, and (2) a direct financial interest in that conduct. *Vernor v. Autodesk, Inc.*,

621 F.3d 1102, 1114 (9th Cir. 2010); *Perfect 10 v. Amazon.com*, 508 F.3d at 1173.

Blizzard pleads, in conclusory fashion, that "Defendants have the right and ability to supervise and control the infringing conduct of users and derive a direct financial benefit as a result." (Compl. ¶¶ 109-110.) It does not allege that Zimmer:

    a) operated or administered any server;

    b) possessed credentials or authority to shut down access;

    c) handled donations, revenue, or advertising proceeds; or

    d) received any share of funds associated with Turtle WoW.

In *Giganews*, the Ninth Circuit emphasized that mere ability to block users or passive association is not enough; the defendant must have actual control and a direct financial stake in the infringing conduct. 847 F.3d at 673. Blizzard alleges neither as to Zimmer.

Blizzard may argue that cases such as *Nexon Am., Inc. v. S.H., No.* CV 10-9689 PA (JCx), 2011 WL 13217951 (C.D. Cal., Dec. 13, 2011), or *Davidson & Assocs., Inc. v. Internet Gateway, Inc.*, 334 F. Supp. 2d 1164, 1174 (E.D. Mo. 2004), aff'd sub nom. *Davidson & Assocs. v. Jung*, 422 F.3d 630 (8th Cir. 2005), support the sufficiency of its pleadings. But the specific allegations that allowed those complaints to proceed only underscore the deficiencies of Blizzard's pleading against Zimmer.

In *Nexon*, the complaint contained specific allegations against specific Defendants, that the defendants built and operated unauthorized replacement servers: "[t]he undisputed facts compel the grant of summary judgment for Plaintiff on Counts 2 and 3. It is undisputed that Defendant advertised RydahMS EXE on the Internet, instructed potential users how to download, install and use the server and modified client, and offered extensive technical support to his customers. Defendant, of course, was the creator and distributor of an infringing product intended to attract thousands of users from authorized MapleStory servers" and offered access to the infringing service for purchase through monetized add-ons. *2011 WL 13217951, at *1–4*. The

defendants intentionally circumvented Nexon's security architecture, controlled the hardware and hosting infrastructure, and solicited donations and subscription-type payments from users. *Id.* These detailed factual allegations against particular defendants such as operation, coding, circumvention, hosting, and monetization did satisfy each element of direct, contributory, and vicarious infringement.

In *Davidson*, the allegations as well were brought against specifically named defendants: "Plaintiffs Davidson & Associates, Inc. d/b/a Blizzard Entertainment ("Blizzard") and Vivendi Universal Games, Inc. sued defendants Internet Gateway, Inc., Jim Jung, Ross Combs, Rob Crittenden, Yi Wang, and John Does 1–50. The Court dismissed Yi Wang and John Does 1–50." *Davidson & Assocs., Inc. v. Internet Gateway, Inc.*, 334 F. Supp. 2d 1164, 1167 (E.D. Mo. 2004). The defendants operated a complete replacement Battle.net service, wrote the underlying bnetd server emulator, reverse-engineered Blizzard's authentication protocol, distributed infringing copies of Blizzard's files, ran public servers using the emulated service, and encouraged users to connect to these infringing servers. *334 F. Supp. 2d at 1168-74.* They also provided the software tools used to circumvent Blizzard's access-control technologies. *Id.* at 1174-78. The Eighth Circuit affirmed because the complaint alleged that defendants created, maintained, and distributed a fully functional competing platform that depended on unauthorized copies of Blizzard's software. *422 F.3d at 633-35.*

In *EngineOwning*, the complaint specifically alleged role of each defendant in developing, selling the cheating software for Activision's Call of Duty games; operated a structured commercial enterprise with subscription plans; maintained websites and payment systems; and used a network of global servers to deliver updated circumvention tools to paying customers. *Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 22-0051-MWF (JCx), 2023 WL 3272399 (C.D. Cal., Apr. 4, 2023). By contrast here, Blizzard alleges none of this conduct as to Zimmer. It does not plead that he (1) wrote or reverse-engineered any code; (2) operated,

maintained, or funded servers; (3) created or distributed a replacement platform; (4) administered hosting, authentication, or infrastructure; (5) circumvented Blizzard's encryption or anti-tamper measures; or (6) sold, licensed, or monetized anything.

Instead, Blizzard alleges only that Zimmer made non-commercial online commentary and responded to a user's question about a "copyright takedown." (Compl. ¶¶ 24, 82.) Unlike the detailed technical and commercial allegations in Nexon, Davidson, and EngineOwning, Blizzard pleads no facts plausibly connecting Zimmer to any volitional act of copying, material contribution, circumvention, or commercial exploitation.

Therefore, those authorities do not support the sufficiency of Blizzard's pleading under Rule 12(b)(6) as to Zimmer, and Count IV must be dismissed.

### 5. Count V – DMCA § 1201: No Device, No Trafficking, No Circumvention Alleged as to Zimmer

Blizzard's DMCA claim under 17 U.S.C. § 1201 is aimed at "trafficking in circumvention technology." But under *MDY Industries, LLC v. Blizzard Entertainment, Inc.*, 629 F.3d 928, 952 (9th Cir. 2010)*, as amended on denial of reh'g* (Feb. 17, 2011)*, opinion amended and superseded on denial of reh'g,* No. 09-15932, 2011 WL 538748 (9th Cir. Feb. 17, 2011) (citation omitted), § 1201 applies only to those who manufacture, provide, or use a technology, product, service, device, component, or piece of code primarily designed to circumvent access-control or rights-control measures.

The Complaint does not allege that Zimmer:

    a) wrote, possessed, or distributed any code designed to bypass Blizzard's authentication or encryption;

    b) created or sold a "loader," bot, or other circumvention tool; or

    c) trafficked in keygens, cracks, or similar devices.

**JOSIAH ZIMMER  CORRECTED MOTION TO DISMISS**
**- 18**

Instead, Blizzard again relies on undifferentiated references to "Defendants" and to technical conduct by others. Absent any allegation that Zimmer personally dealt with a circumvention device or code, Count V fails under MDY Industries and § 1201's text. It should be dismissed with prejudice.

**6. Count VI – Intentional Interference with Contractual Relations: No Identified Contract, Knowledge, Intent, or Wrongful Act by Zimmer**

To state a claim for intentional interference with contractual relations under California law, a plaintiff must allege:

(1) a valid contract between plaintiff and a third party;

(2) defendant's knowledge of that contract;

(3) intentional acts designed to induce breach or disrupt the relationship;

(4) actual breach or disruption; and

(5) resulting damage. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). The defendant's conduct must also be independently wrongful. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003).

Blizzard alleges that "Defendants have intentionally interfered with Blizzard's contractual relationships with its players and licensees by inducing or encouraging those persons to breach their agreements with Blizzard, including Blizzard's End User License Agreement and Terms of Use." (Compl. ¶ 119.) But as to Zimmer, Blizzard identifies no specific contract or counterparty that he knew about; alleges no communication by Zimmer with any particular Blizzard customer; pleads no intentional act aimed at causing any contract to be breached; and fails to allege any actual breach resulting from his conduct.

The only Zimmer-specific conduct remains his speech, generalized promotion and a brief online comment. This is insufficient as a matter of law. Without a specific contract, knowledge, intentional inducement, and an independently wrongful act

**JOSIAH ZIMMER  CORRECTED MOTION TO DISMISS**
**- 19**

beyond protected expression, Count VI fails to state a claim and should be dismissed.

### 7. Count VII – Lanham Act § 43(a): No Commercial Use of Marks, No Likelihood of Confusion, and Only Nominative/Descriptive References

Blizzard's Lanham Act claim under 15 U.S.C. § 1125(a) alleges that "Defendants have used Blizzard's marks and trade dress to confuse consumers and falsely designate the origin of Turtle WoW." (Compl. ¶ 124.) Section 43(a), however, applies only to commercial use in commerce of a mark in connection with the sale, offering for sale, distribution, or advertising of goods or services.

The Complaint does not allege that Zimmer (1) sold any product or service using Blizzard's marks; (2) ran advertising campaigns; (3) branded any goods as sponsored by Blizzard; or (4) profited from any such use.

Instead, Blizzard's allegations against Zimmer concern non-commercial speech: gameplay updates, memes, and commentary. Such references as titles of videos, descriptions of a fan project, or references to World of Warcraft, are at most nominative use of Blizzard's marks to identify the underlying game. The Ninth Circuit has long recognized that nominative and descriptive uses that do not mislead consumers are not actionable under § 43(a). See *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (individual liability requires that the defendant actively and knowingly caused the infringing use).

Blizzard never alleges that Zimmer created or disseminated any specific marketing material that misrepresented Turtle WoW as officially sponsored by Blizzard. Absent commercial use, deliberate deception, and a plausible likelihood of confusion tied to Zimmer's own conduct, Count VII fails to state a claim.

### 8. Time Limitations and Laches Further Restrict Any Remaining Copyright Relief

To the extent Blizzard's copyright claims (Counts I–IV) rest on alleged acts

occurring more than three years before the filing of the Complaint, 17 U.S.C. § 507(b) limits recoverable damages to that three-year period. *Petrella v. Metro-Goldwyn-Mayer, Inc*., 572 U.S. 663, 671-72 (2014). Blizzard itself pleads that private servers and fan projects have existed for many years and alleges a long-standing online community rather than newly discovered conduct. (See, e.g., Compl. ¶¶ 2-4, 30-32.)

Blizzard's years-long inaction, despite the public nature of the alleged conduct, also undermines any claim for equitable relief and reinforces the implausibility of its sweeping allegations against Zimmer, whose alleged involvement consists of public commentary and speech that Blizzard could have observed and challenged much earlier. While limitations and laches do not substitute for the Rule 12(b)(6) defects identified above, they further confirm that Blizzard is attempting to repurpose historic, generalized grievances about private servers into an overbroad complaint against individual community participants, without the factual specificity federal pleading standards require.

## 9. First Amendment Considerations Confirm that Zimmer's Speech Alone Cannot Sustain These Claims

At bottom, Blizzard's allegations against Zimmer concern speech: posts, memes, videos, and community messages about gameplay and legal concerns. Commentary, criticism, and discussion are protected expression. Absent well-pled, non-speech conduct, such as actual copying, trafficking in circumvention devices, or commercial misrepresentation courts must be cautious not to allow intellectual-property, tort, or statutory claims to become vehicles for punishing pure expression.

Here, Blizzard has not alleged any non-speech conduct by Zimmer that satisfies the elements of its remaining claims. Allowing the Complaint to proceed on these sparse and conclusory allegations would chill legitimate fan commentary and online discussion well beyond the boundaries of the Copyright Act, the DMCA, and the

Lanham Act. The First Amendment concerns thus strongly support dismissal where, as here, Blizzard's pleading fails Iqbal/Twombly on its own terms.


## V. CONCLUSION

Because Blizzard has not pled facts showing that Josiah Zimmer personally engaged in any conduct satisfying the elements of its remaining claims and because Counts VIII and IX have already been dismissed, without prejudice, as to him pursuant to the parties' Stipulation and the Court's November 19, 2025 Order, Mr. Zimmer respectfully requests that the Court:

Dismiss Counts I-VII of the Complaint as to Josiah Zimmer pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and

Award such further relief as the Court deems just and proper.


Respectfully submitted,

_____/s/ Frederic M. Douglas_____

FREDERIC M. DOUGLAS
Attorney for Defendant
JOSIAH ZIMMER
November 21, 2025

.

The undersigned counsel of record for Defendant Josiah Zimmer certifies that this brief contains 4,070 words, which complies with the word limit of L.R. 11-6.1.

___/s/ Frederic M. Douglas_____

Frederic M. Douglas
Attorney for Defendant
JOSIAH ZIMMER
November 21, 2025


**JOSIAH ZIMMER CORRECTED MOTION TO DISMISS - 22**