Frederic M. Douglas (Calif. State Bar # 212778)
Attorney At Law
15333 Culver Drive, Suite 340
Irvine, California 92604-3051
Tel: (949) 293-0442
Fax: (949) 203-8768
fdouglas@cox.net

Oxana Lukina (*pro hac vice*)
Cohen, Labarbera and Landrigan, LLP
99 Brookside Avenue
Chester, New York 10918
Tel: (845) 291-1900
Fax: (845) 291-8601
olukina@cll-law.com

Attorneys for Defendant
JOSIAH ZIMMER

THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TURTLE WOW, an entity of unknown form, AFKCRAFT LIMITED, a Hong Kong Company; YULIA SAVKO a/k/a JULIA SAVKO a/k/a Torta and Shenna, an individual; ERIC MAUSER a/k/a Shagu and Meph1s, an individual; JOSIAH ZIMMER a/k/a Akalix, an individual; STEFAN KOSTOV a/k/a brotalnia, an individual, JESSE LAUTENBACK a/k/a Niralthas, an | Case No.: 2:25-cv-08194-SVW (SKx)<br><br>Judge: Hon. Stephen V. Wilson<br>Courtroom: 10A<br><br>**DEFENDANT JOSIAH ZIMMER'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>**Date: Monday, February 2, 2026**<br>**Time: 1:30 pm**<br>**Place: First Street U.S. Courthouse, Courtroom 10A, 10th Floor**<br>**350 West 1st Street**<br>**Los Angeles, California 90012**<br>**Judge: Hon. Stephen V. Wilson** |

individual, COSMIN POP a/k/a xerron, an individual, JAMEY DIEPBRINK a/k/a Jamma an individual, MAROS BETKO a/k/a Haaxor, an individual, MARCO KRETAS a/k/a MARCO KAPTEIN a/k/a Kruxis, an individual; ALEX JULEV a/k/a PepeSmite, an individual; and DOES 1 through 10, inclusive,

)))))))))))))

Complaint Filed: August 29, 2025

Defendants

## Table of Contents

I.   INTRODUCTION .................................................................................................6

II. ARGUMENT .........................................................................................................6

   A.   BLIZZARD DOUBLES DOWN ON GROUP PLEADING WHILE DENYING THAT THE COMPLAINT ENGAGES IN GROUP PLEADING....7

      (i)   Even Under Blizzard's Own Cases, the Complaint Fails as to Zimmer.....8

      (ii)   Direct Infringement and "Volitional Act" ........................................................9

      (iii)   Contributory Infringement, Inducement, and Knowledge ......................10

      (iv)   Vicarious Infringement and Financial Benefit to Defendant .................10

      (v)   DMCA § 1201 Trafficking....................................................................11

      (vi)   Intentional Interference with EULA........................................................11

      (vii)   Lanham Act and Nominative Fair Use ........................................................12

      (viii)   Timeliness and First Amendment ................................................................12

   B. EXTRANEOUS MATERIALS ATTACHED TO BLIZZARD'S OPPOSITION TO CO-DEFENDANT'S MOTION TO DISMISS ARE IMPROPER AND CANNOT REMEDY PLEADING DEFICIENCIES ...........13

   C.   BLIZZARD'S EXTRANEOUS EVIDENCE IS NOT DOCUMENTS APPROPRIATE FOR JUDICIAL NOTICE ........................................................15

III.   CONCLUSION ..................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945 (N.D. Cal. 2015) ......... 8

*Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912 (9th Cir. 2000) .... 14

*Blizzard Ent. Inc. v. Ceiling Fan Software LLC*, 28 F. Supp. 3d 1006 (C.D. Cal. 2013) ....................................................................................................................................... 11

*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994) ..................................................... 14, 15

*Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984) .......................... 14

*Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1010 (9th Cir. 2013) ....................... 10

*ConsumerDirect, Inc. v. Pentius, LLC*, 2022 WL 1585702 (C.D. Cal., Apr. 4, 2022) ... 8

*Fonavisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996) ............................. 10

*GMAT Legal Title Trust 2013-1 v. Fitchner*, 3:15-cv-00044-HDM-WGC, slip opinion (D. Nev., Nov 19, 2015) ............................................................................................. 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir.1990) ........ 14

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) ........................ 12

*Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001) ............................................. 14

*Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992 (8th Cir. 1989) .................... 14

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118 (1990) ......................... 12

*Parity Networks, LLC v. Moxa Inc.*, 2020 WL 6064636 (C.D. Cal., Sep. 11, 2020) ...... 8

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) ............................ 10

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017) .................................. 10

*Symbria, Inc. v. Callen*, 2022 WL 60530 (N.D. Ill., Jan. 6, 2022) ................................... 8

*Townsend v. Columbia Operations*, 667 F.2d 844 (9th Cir.1982) ................................ 15

**Statutes**

17 U.S.C. § 1201(a)(2) ..................................................................................................... 11

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 14

Fed. R. Civ. P. 8 ................................................................................................................. 8

Fed. R. Evid. 201 ............................................................................................................. 15

## I. INTRODUCTION

Plaintiff Blizzard Entertainment, Inc.'s ("Blizzard") Opposition confirms that the Complaint brings litigation against Defendant Josiah Zimmer without evidence to support the causes of action asserted, but instead Blizzard seems to seek to chill Mr. Zimmer's commentary and speech online regarding Blizzard's gaming products. Attempting to amend the Complaint by way of the Opposition or bootstrapping it by loading up declarations and exhibits in an opposition to a Motion to Dismiss by a co-defendant cannot cure the fatal defects that defeat the claims against Josiah Zimmer.

Under *Iqbal* and *Twombly*, Blizzard was required to plead defendant-specific, element-specific facts. It did not. Instead, the Complaint offers conclusory, collective allegations against a multi-defendant "enterprise."[1] That is classic impermissible "group pleading" and fails to state a plausible claim against Zimmer individually.

For these reasons, the Court should dismiss the remaining claims against Zimmer, Counts I through VII, with prejudice pursuant to Rule 12(b)(6).

## II. ARGUMENT

---

[1] See, *GMAT Legal Title Trust 2013-1 v. Fitchner*, 3:15-cv-00044-HDM-WGC, slip opinion, p. 2 (D. Nev., Nov 19, 2015) ("The court need not, however, accept as true those allegations that (1) contradict matters properly subject to judicial notice; (2) are conclusory allegations of law, mere legal conclusions, unwarranted deductions of fact, or unreasonable inferences; (3) are contradicted by documents referred to in the complaint; or (4) are internally inconsistent.").

### A. BLIZZARD DOUBLES DOWN ON GROUP PLEADING WHILE DENYING THAT THE COMPLAINT ENGAGES IN GROUP PLEADING

Blizzard cannot cure the lack of specificity in its Complaint by merely handwaving that "Turtle WoW" is identically referred to as Mr. Zimmer.

Blizzard expressly asks the Court to lump Mr. Zimmer, AFKCraft Limited, and the other co-defendants together in the defense of its Complaint, while denying that it engages in group pleading.

"AFKCraft addresses Blizzard's First through Seventh Claims for Relief in cursory fashion. Its arguments are the exact same arguments that Zimmer made in his Motion, and are meritless for the same reasons. Blizzard thus refers the Court to its Opposition to Zimmer's Motion, filed concurrently with these papers."[2]

Thus, Blizzard takes issue with two different defendants making the same, or similar, arguments despite the deficiencies that arise from its group pleading and lack of specificity dictate that the Complaint provides insufficient specificity as to either Mr. Zimmer or AFKCraft Limited. If one Complaint has a defect that applies to both Defendants, then both Defendants are entitled to move to dismiss if Blizzard will not amend the Complaint to address the defects as to both Defendants.

As to Blizzard's allegations in Opposition to AFKCraft Limited's Motion to Dismiss that AFKCraft Limited's "arguments are the exact same arguments that Zimmer made in his Motion," that is an exaggeration that Blizzard should recognize as Zimmer made no arguments as to jurisdiction[3] or the RICO claims,[4] while AFKCraft

---

[2] Blizzard Opposition to AFKCraft Limited Motion to Dismiss, Dkt. No. 41, page 24, lines 13-16.
[3] See, AFKCraft Limited Motion to Dismiss, Dkt. No. 36, pages 13-18.
[4] See, *Id.*, pages 28-33.

**JOSIAH ZIMMER REPLY**
- 7

Limited's Motion to Dismiss addressed those issues. Thus, at a minimum, the arguments presented are not the same.

### (i) Even Under Blizzard's Own Cases, the Complaint Fails as to Zimmer

Blizzard's Opposition relies heavily on *ConsumerDirect*,[5] *Symbria*,[6] *Parity Networks*,[7] and *Adobe*[8] to assert that group allegations plus role-specific allegations are satisfactory under Fed. R. Civ. P. 8. These cases tied particular conduct elements recited in the complaints to defined roles (e.g., "sales arm," "management company"), while here in Blizzard's Complaint there are no pleaded facts that Mr. Zimmer personally engaged in any of the element-satisfying conduct, such as coding, controlling authentication, receiving payments, operating servers, administering accounts, and the like.

The only specific allegations in Plaintiff's Complaint as to Mr. Zimmer are Paragraphs 24, 33, 82, and 157, which refer to pure speech and promotion, not operative copying or conduct amounting to circumvention.

*Adobe* (cited in Zimmer's Motion to Dismiss) and similar cases support dismissal when a complaint does not attribute conduct to satisfy each claim's elements to Mr. Zimmer specifically. It is noted that Blizzard's own authority cited in its

---

[5] *ConsumerDirect, Inc. v. Pentius, LLC*, 2022 WL 1585702, at *5-6 (C.D. Cal., Apr. 4, 2022), cited in Opposition, Dkt. No. 40, at pp. 11, 13.
[6] *Symbria, Inc. v. Callen*, 2022 WL 60530 (N.D. Ill., Jan. 6, 2022), cited in Opposition, Dkt. No. 40, at pp. 11, 12.
[7] *Parity Networks, LLC v. Moxa Inc.*, 2020 WL 6064636 (C.D. Cal., Sep. 11, 2020), cited in Opposition, Dkt. No. 40, at pp. 11, 13.
[8] *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945 (N.D. Cal. 2015), cited in Opposition, Dkt. No. 40, at p. 12.

Opposition recognizes that collective "Defendants" allegations cannot substitute for the Complaint's missing Zimmer-specific facts.[9]

### (ii) Direct Infringement and "Volitional Act"

Blizzard attempts to convert its role descriptions into direct infringement by asserting that Mr. Zimmer participated in the creation/development of the Turtle WoW client, participated in the distribution of the client from a website, and created or helped create marketing content that contains infringing images.

However, "participation" is conclusory and not supported by the text of Blizzard's Complaint. The Complaint never actually alleges that Mr. Zimmer wrote code, edited code, configured the launcher, or hosted files. Blizzard adds these "participation" signals in its Opposition, which cannot amend its Complaint.

The Complaint never alleges that Mr. Zimmer personally downloaded a copy of Blizzard's software so Blizzard cannot save Counts I-IV at this stage of the litigation as personal-use copying is not pled in the Complaint.

Blizzard makes allegations of Mr. Zimmer conducting marketing that constitutes "direct infringement." Arguendo, using screenshots in marketing is a possible instance of alleged infringing copying that Mr. Zimmer does not concede, but Blizzard does not plead in its Complaint that Mr. Zimmer personally created the screenshots or that such alleged acts satisfy the rights Blizzard claims exclusively to them (such as adaptation, distribution, server-side operation, and the like). The conduct complained of is still collective "Defendants" conduct.

---

[9] See, Motion to Dismiss, Dkt. No. 34, p. 12, lines 1-9; see, *id.*, p. 13, lines 11-13 ("A multi-defendant complaint must "set forth each defendant's alleged participation in the wrongdoing." Adobe, 125 F. Supp. 3d at 961.").

JOSIAH ZIMMER REPLY
- 9

### (iii) Contributory Infringement, Inducement, and Knowledge

The Complaint only alleges generalized awareness of Blizzard's disapproval, but not knowledge of "specific infringing acts," such as particular users, specific copies, specific dates, or instances, which are required by Ninth circuit cases like *Perfect 10 v. Amazon*[10] and *Giganews*[11] for contributory liability.

Blizzard cites Nexon, Fung, and Napster regarding factual pleading. In these cases, the complaints or the record at summary judgment alleged systems run by a defendant that (a) provided specific infringing files or links, (b) integrated search or indices for allegedly infringing works, (c) delivered technical support related to infringement, and (d) expressly marketed the subject service for infringing activities. Blizzard's Complaint none of this specifically as to Mr. Zimmer, but only alleged that he promoted the project generally and participated in community discussions.

### (iv) Vicarious Infringement and Financial Benefit to Defendant

Blizzard's Complaint attempts to establish that Mr. Zimmer has control and financial benefit but pleads no facts that Mr. Zimmer personally received donations, had access to funds, received any share of revenue, held credentials to disable servers or user accounts, or held technical/administrative control. The *Fonavisa*[12] and *Fung*[13] cases turned on actual control and economic stake, which are not pled in Blizzard's

---

[10] *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007), cited in Motion to Dismiss, Dkt. No. 34, at pp. 15-16.
[11] *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017), cited in Motion to Dismiss, Dkt. No. 34, at pp. 13-15.
[12] *Fonavisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996), cited in Opposition, Dkt. No. 40, at pp. 20, 21.
[13] *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1010 (9th Cir. 2013), cited in Opposition, Dkt. No. 40, at pp. 17, 19, 21, 22.

Complaint. Merely applying the label "Defendants" to Mr. Zimmer does not substitute for facts specific to Mr. Zimmer that are missing in the Complaint.

### (v) DMCA § 1201 Trafficking

Device-specific DMCA allegations are entirely group-pled and not tied specifically to Mr. Zimmer. The Complaint does not allege that Mr. Zimmer "manufactured, provided, or used" any device for circumvention or code for circumvention. Blizzard's Complaint does not allege that Mr. Zimmer offered any such device or code to the public in his own personal capacity, but only alleges that Mr. Zimmer engaged in speech and promotion. The MDY case and other related cases address parties that created, controlled, or distributed the circumvention technology. Blizzard's attempt to stretch 17 U.S.C. § 1201(a)(2) to any marketing or public relations staff, without device-specific allegations, goes too far beyond the statute and the facts pleaded in its Complaint.

### (vi)   Intentional Interference with EULA

Blizard cites the *Ceiling Fan* case.[14] In that case, Blizzard alleged that the bot seller's business model was constructed on inducing Blizzard subscribers (Blizzard's own customers) to use the bot to violate specific EULA terms, with specific facts about how the software operated and how the software depended on breach of the EULA.

In this instant Complaint, Blizzard pleads no conduct specific to Mr. Zimmer or a specific commercial product. The Complaint does not identify any specific Blizzard contract or third party that Mr. Zimmer had knowledge of or targeted, but instead only alleges vaguely about "players" and "users" and public commentary from Mr. Zimmer.

---

[14] *Blizzard Ent. Inc. v. Ceiling Fan Software LLC*, 28 F. Supp. 3d 1006 (C.D. Cal. 2013), cited in Opposition, Dkt. No. 40, pp. 24, 25, 27.

Under the *Pacific Gas & Electric*[15] and *Korea Supply*[16] cases, intentional interference requires knowledge of particular contractual relations and purposeful acts directed at inducing breach of the contracts, not simply Mr. Zimmer producing speech about a project to the public.

### (vii) Lanham Act and Nominative Fair Use

The Motion's nominative fair use discussion is not being asserted as an affirmative defense on disputed facts, but as a part of the Rule 12(b)(6) analysis as the Complaint pleads only non-commercial, descriptive references to the game in the context of Mr. Zimmer's speech, and does not allege that Mr. Zimmer personally sued marks in any way that implies source or sponsorship by Blizzard. The Complaint might allege that an "enterprise" engaged in "use in commerce" of marks but the Complaint makes no such allegation as to Mr. Zimmer specifically, and Blizzard had dismissed the claims as to a RICO conspiracy or enterprise as to Mr. Zimmer.

### (viii) Timeliness and First Amendment

Mr. Zimmer does not concede Blizzard's timeliness and damages theories, but even accepting Blizzard's limitations, analysis and damages position, those points do not cure the independent Fed. R. Civ. P. 12(b)(6) defects, such that the Court need not reach them to dismiss the claims as to Mr. Zimmer. The Court need not resolve constitutional questions where the Complaint fails to state any claim on ordinary statutory and common-law grounds. The Motion to Dismiss raises the First Amendment issue as an additional reason, not the primary basis for dismissal.

---

[15] *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118 (1990), cited in Motion to Dismiss, Dkt. No. 34, at p. 19.

[16] *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003), cited in Motion to Dismiss, Dkt. No. 34, p. 19.

### B. EXTRANEOUS MATERIALS ATTACHED TO BLIZZARD'S OPPOSITION TO CO-DEFENDANT'S MOTION TO DISMISS ARE IMPROPER AND CANNOT REMEDY PLEADING DEFICIENCIES

Instead of amending its Complaint to shore up the deficiencies demonstrated in Defendant Zimmer's Motion to Dismiss, Blizzard attempts to amend its Complaint by raising points in its Opposition briefs to the Motion to Dismiss by Defendant Zimmer and a Motion to Dismiss by a co-defendant.

In Blizzard's Opposition[17] to the Motion to Dismiss by Defendant AFKCraft Limited,[18] Blizzard mentioned allegations against Defendant Zimmer in its Opposition to AFKCraft Limited's Motion to Dismiss and attempted to support those allegations by attaching unauthenticated exhibits[19] to an attorney declaration.[20]

As the hearing on Zimmer's Motion to Dismiss and AFKCraft Limited's Motion to Dismiss are both scheduled for February 2, 2026, and both Oppositions were filed on the same date, perhaps Blizzard hopes that the Court will take into consideration the arguments and evidence submitted in both of its Oppositions to use against Zimmer, outside of the confines of the one Opposition brief filed against Zimmer's one Motion to Dismiss. In other words, Blizzard loads up evidence outside of the brief length limits, and even outside of the specific brief, all being outside of the Complaint. Blizzard's Complaint makes little mention of specific allegations against Mr. Zimmer, while its Opposition relies heavily on its allegations against co-defendant Turtle WoW.

The Seventh and Eighth Circuits have expressed a dim view of such an opposition that submits evidence outside the Complaint. "[I]t is axiomatic that the

---

[17] Dkt. No. 41, filed January 12, 2026.
[18] Dkt. No. 36, filed December 2, 2025.
[19] Dkt. Nos. 41-2, 41-3.
[20] Dkt. No. 41-1.

complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) *(quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

The Ninth Circuit agrees that extraneous evidence should not be considered when ruling on a motion to dismiss. See, *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2000).[21] A district court may not consider any material beyond the four corners of the Complaint when ruling on a motion under Fed. R. Civ. P. 12(b)(6). See, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.").

> "When 'matters outside the pleading are presented to and not excluded by the court,' a Rule 12(b)(6) motion is to 'be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'"[22]

The Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).

A document is not outside the Complaint if the Complaint specifically refers to

---

[21] "While evidence outside the complaint indicates that Officers Stone and Barnes interviewed additional witnesses, such extraneous evidence should not be considered in ruling on a motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994) (excluding material outside the pleadings from consideration on a Rule 12(b)(6) motion to dismiss)."

[22] *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (emphasis in original), *rev'd on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).

the document and if its authenticity is not questioned. *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir.1982); see also, *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (emphasis in original), *rev'd on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).[23] Here, Blizzard has not sufficiently authenticated the exhibits and statements it brings forth in Opposition to Zimmer's Motion to Dismiss, and Defendant Zimmer does not concede the authenticity of any of the evidence to date supplied by Blizzard.

## C.  BLIZZARD'S EXTRANEOUS EVIDENCE IS NOT DOCUMENTS APPROPRIATE FOR JUDICIAL NOTICE

The materials that Blizzard submitted as exhibits to its Opposition to the AFKCraft Limited Motion to Dismiss are not documents that the Court may take judicial notice of, such as unauthenticated website screenshots, print outs, without testimony as to the sources or reliability of the sources. According to Fed. R. Evid. 201, the adjudicative facts that may be judicially noticed are facts that are not subject to reasonable dispute because they:

(1) are generally known with the Court's territorial jurisdiction; or

(2) they can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

### III. CONCLUSION

Because Blizzard has not pled facts showing that Josiah Zimmer personally engaged in any conduct satisfying the elements of its remaining claims and because Counts VIII and IX have already been dismissed, without prejudice, as to him pursuant to the parties' Stipulation and the Court's November 19, 2025 Order, Mr. Zimmer

---

[23] "[W]e hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."

respectfully requests that the Court:

    Dismiss Counts I-VII of the Complaint as to Josiah Zimmer pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim; and

    Award such further relief as the Court deems just and proper.

    Respectfully submitted,

    ___/s/ Frederic M. Douglas_____

FREDERIC M. DOUGLAS
Attorney for Defendant
JOSIAH ZIMMER
January 20, 2026

    The undersigned counsel of record for Defendant Josiah Zimmer certifies that this brief contains 2,850 words, which complies with the word limit of L.R. 11-6.1.

    ___/s/ Frederic M. Douglas_____

Frederic M. Douglas
Attorney for Defendant
JOSIAH ZIMMER
January 20, 2026

**JOSIAH ZIMMER  REPLY**
- 16