UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>TURTLE WOW, an entity of unknown form; AFKCRAFT LIMITED, a Hong Kong Company; YULIA SAVKO a/k/a JULIA SAVKO a/k/a Torta and Shenna, an individual; ERIC MAUSER a/k/a Shagu and Meph1s, an individual; JOSIAH ZIMMER a/k/a Akalix, an individual; STEFAN KOSTOV a/k/a brotalnia, an individual, JESSE LAUTENBACK a/k/a Niralthas, an individual, COSMIN POP a/k/a xerron, an individual, JAMEY DIEPBRINK a/k/a Jamma an individual, MAROS BETKO a/k/a Haaxor, an individual, MARCO KRETAS a/k/a MARCO KAPTEIN a/k/a Kruxis, an individual; ALEX JULEV a/k/a PepeSmite, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-08194-SVW (SK*x)*<br><br>Judge: Hon. Stephen V. Wilson<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT AFKCRAFT LTD.**<br><br>Complaint Filed: August 29, 2025 |

Mitchell
Silberberg &
Knupp LLP

21541863.1

Pursuant to the Parties' Stipulation, the Court hereby orders that judgment is entered against Defendant AFKCraft Ltd. ("Defendant") as follows:

IT IS HEREBY FOUND, ORDERED, AND ADJUDGED as follows:

1.    Judgment hereby is entered in favor of Blizzard against Defendant on Blizzard's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action.

2.    Defendant, all persons acting under Defendant's direction or control (including but not limited to Defendant's agents, representatives, and employees), and those persons or companies in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, shall immediately and permanently cease and desist from any of the following:

   a.  developing, programming, coding, operating, updating, supporting, maintaining, distributing, marketing, facilitating, or promoting, or assisting or encouraging the creation, marketing, or promotion of (including without limitation publishing or distributing any source code or instructional material, or operating or assisting in the creation or maintenance of any website designed to provide information, relating thereto), any private or emulated servers (including but not limited to Turtle WoW), modded client software (including but not limited to the Turtle WoW client), or "remastered" game clients (including but not limited to the Unreal Engine "remaster" of the WoW client known as "Turtle WoW 2.0") for any game owned or published by Blizzard or its affiliates, including *World of Warcraft* (the "Prohibited Conduct");

   b.  encouraging or inducing others to engage in any of the Prohibited Conduct;

   c.  soliciting donations or other payments relating to the Prohibited Conduct;

Mitchell
Silberberg &
Knupp LLP

21541863.1

2

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

   d.  directly or indirectly resuming, reconstituting, operating, managing, controlling, investing or holding a financial interest in, or participating in or assisting any person or entity engaged in the Prohibited Conduct, whether individually or through any corporation, partnership, limited liability company, or other person or entity of any form;

   e.  providing or transferring to any third party any Turtle WoW client software (or its source code), any Turtle WoW server or server software, any Turtle WoW marketing or promotional materials, or any Turtle WoW social media accounts, including for the purpose of enabling or facilitating the creation or promotion of a Turtle WoW "successor."

3.    Any company or entity that Defendant owns or controls in the future shall also comply with the provisions of this Judgment and Permanent Injunction.

4.    The Parties irrevocably and fully waive notice of entry of this Judgment and Permanent Injunction and notice and service of the entered Judgment and Permanent Injunction and understand, confirm and agree that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including contempt of Court.

5.    The Parties irrevocably and fully waive any and all rights to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

6.    Nothing contained in this Judgment and Permanent Injunction shall limit the right of the Parties to seek relief including, without limitation, damages for any and all infringements of any Intellectual Property rights or for violation of the anti-circumvention provisions of the DMCA occurring after the date of this Judgment and Permanent Injunction.

Mitchell
Silberberg &
Knupp LLP

21541863.1

3

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

7.      Each party to this Stipulation shall bear its own attorneys' fees and costs and all other expenses, except as otherwise provided herein.

8.      The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Judgment and Permanent Injunction.  The Parties consent to the personal jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the Judgment and Permanent Injunction.

9.      The Court notes that this judgment and permanent injunction is stipulated to by the parties pursuant to a confidential settlement agreement and is subject to the terms and reservation of rights contained therein.

The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Federal Rule of Civil Procedure 54, the Court directs immediate entry of this Judgment and Permanent Injunction against Defendants.

DATED: April 15, 2026

_____
Honorable Stephen V. Wilson
United States District Judge

Mitchell
Silberberg &
Knupp LLP

21541863.1

4

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**